**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No:

NORILUZ ARNAL,

      **Plaintiff,**

vs.

A'VIANDS, LLC,
      **Defendant.**
_____/

## COMPLAINT

COMES NOW the Plaintiff, NORILUZ ARNAL (hereafter "Plaintiff"), by and through

the undersigned counsel, hereby files this Amended Complaint and sues Defendant, A'VIANDS,

LLC, (hereafter "Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff for damages exceeding the jurisdictional limits of this

   Court excluding attorney's fees or costs for damages pursuant to pursuant to Title VII of

   the Civil Rights Act of 1964, Plaintiff by the Defendant for discriminatory treatment on

   the basis of gender, retaliation, and sexual harassment found on Plaintiff's complaint of

   discrimination in the workplace.

2. Plaintiff is a resident of Broward, Florida and Defendant is situated in Broward, Florida,

   within the jurisdiction of this Honorable Court.

3. Defendant is a Foreign Corporation doing business in Broward County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act

   of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for

the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Plaintiff is a female former employee of the Defendant, who is a member of a class of persons protected from discrimination in her employment.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS**

11. Plaintiff is a female.

12. Plaintiff joined the company in 2017 as a kitchen assistant, first working in the cafeteria at Broward College and then in the cafeteria at the Academy of Arts and Sciences in Hollywood.

13. From the beginning of Plaintiff's employment at the Hollywood Academy of Arts and Sciences, Plaintiff was subjected to sexual harassment by Jorge Santiago, her immediate supervisor.

14. He used to send Plaintiff unwelcome text messages of a sexual nature.

15. He was always looking for an excuse to get close to Plaintiff or be near her when his job did not require it.

16. In the messages, he used to tell her things like "who owns my heart?" and "you drive me crazy with that look of yours." "Shall we have a drink after work?". "Do not be a stranger, my piece of cinnamon cake," "you are so cute it makes me lose sleep." "My love, I want to see you for lunch. You choose the place, time, and day. So, we can talk." " My God, thank you for making this woman so beautiful and hot and yummy."

17. This situation increased in frequency and intensity to the point of creating an excessively hostile work environment.

18. His wife, Alina Campos, also Plaintiff's supervisor, found out about his behavior towards Plaintiff.

19. After that, Alina Campos started yelling at Plaintiff in front of students and co-workers.

20. She constantly ordered Plaintiff to redo tasks that Plaintiff had already completed.

21. She began to isolate Plaintiff from the rest of the employees, creating a degrading and offensive work environment.

22. That is why on November 15, 2021, Plaintiff sent a letter to the Human Resources Department letting them know about the situation that and what Plaintiff was being subjected to.

23. However, no action was taken to address Plaintiff's complaint. They told Plaintiff that she had to go back to work.

24. At this point, Plaintiff was constructively discharged.

25. Finally, on December 6, 2021, Plaintiff sent an email to the Human Resources Coordinator, Alayna Tomaselli, informing her that Plaintiff could not continue to endure the sexual harassment, verbal assault, and psychological abuse.

## COUNT I
### *Gender Discrimination in Violation of the Title VII (Wrongful Termination)*

26. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. Plaintiff is members of a protected class under the title VII.

28. By the conduct describe above, Defendant has engaged in discrimination through an adverse employment action against Plaintiff because of Plaintiffs' gender and subjected the Plaintiff to gender-based animosity and wrongfully terminated Plaintiff.

29. Such discrimination was based upon the Plaintiffs' gender in that Plaintiff would not have been the object of discrimination by Alina Campos but for the fact that Plaintiff was a female.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination based on Plaintiff's gender was unlawful but acted in reckless disregard of the law.

31. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

32. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

33. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's wrongful termination and discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

35. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E.  Defendant, or in lieu of reinstatement, award front pay;

F.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

a.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Sexual Harassment in Violation of Title VII*
### *Hostile Work Environment*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

38. Plaintiff is a member of a protected class under Title VII.

39. As part of its protections, Title VII prohibits sexual harassment.

40. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of Title VII.

41. The harassing conduct to which Plaintiff was subjected was perpetrated against her as a result of her gender (female), and constituted actionable sexual harassment.

42. Defendants' alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

43. As a result of the sexually harassing conduct to which Plaintiff was subjected and the hostile work environment suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost

benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

b.   Adjudge and decree that Defendants have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

c.   Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

d.   Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

e.   Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

f.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

g.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *RETALIATION IN VIOLATION OF THE TITLE VII*

44.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this Complaint as if set out in full herein.

45.   Defendant is an employer as that term is used under the applicable statutes referenced above.

46. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the Title VII.

47. The foregoing unlawful actions by Defendant were purposeful.

48. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

49. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

50. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

51. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Title VII and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Title VII;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees;

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

Grant PLAINTIFF a trial by jury; and Grant such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury

Date: 3/23/23

Respectfully submitted
By: /s/: *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088